IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1102

EAST QUINCY HOLDING LLC,

       Plaintiff,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

       Defendant.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Continental Western Insurance Company ("Continental Western") hereby removes the case captioned *East Quincy Holding LLC v. Continental Western Insurance* Company, from the District Court, Arapahoe County, Colorado (state court case number 2018CV30583) to the United States District Court for the District of Colorado on the grounds that diversity jurisdiction exists under 28 U.S.C. § 1332(a). In support of removal under 28 U.S.C. § 1441(b), Continental Western states as follows:

## BACKGROUND

1.    On March 13, 2018, Plaintiff East Quincy Holding LLC ("Plaintiff") filed a Complaint and Jury Demand in the District Court, Arapahoe County, Colorado, case number 2018CV30583 ("State Court Action").

2. Plaintiff served Continental Western with its original Complaint on March 28, 2018, by service on the Colorado Division of Insurance. (*See* Division of Insurance letter, dated March 29, 2018, attached as **Exhibit A**.)[1]

3. Plaintiff's original Complaint contained an error in the caption, incorrectly naming the Plaintiff as "Second Timbers Condominium Assocation Inc."

4. On April 18, 2018, Plaintiff filed its Amended Complaint, correcting the caption to reflect Plaintiff's true name, East Quincy Holding LLC. (*See* Am. Compl., April 18, 2018, attached as **Exhibit B**.)

5. In the Amended Complaint, Plaintiff alleges that a weather event on June 24, 2014 caused damage to Plaintiff's commercial property located at 34501 E. Quincy Avenue in Watkins, Colorado and insured by Continental Western. (*Id.* at ¶¶ 6-7.) Plaintiff alleges that the property suffered damage to its roofs, siding, gutters, and HVAC units. (*Id.* at ¶ 9.)

6. Plaintiff submitted a claim for insurance benefits to Continental Western. (*Id.* at ¶ 8.) Plaintiff alleges that Continental Western "performed an unreasonable and insufficient investigation of the claim," "underpaid Plaintiff's claim," and "unreasonably delayed and/or denied benefits owed to Plaintiff." (*Id.* at ¶¶ 10-11; 14-15; 17; 35.)

7. According to the Complaint, Plaintiff demanded appraisal under the terms of the policy, and an appraisal award was issued by the selected appraisal panel. (*Id.* ¶ 13.)

8. Plaintiff asserts three claims for relief: breach of contract, bad faith breach of insurance contract, and unreasonable delay or denial of benefits under C.R.S. §§ 10-3-1115 and

[1] Plaintiff mistakenly filed a return of service from another unrelated action with the state court. No corrected return of service has been filed.

10-3-1116. (*See id.* ¶¶ 20-35.) Plaintiff seeks compensatory damages for the contract and tort claims, "two times the amount of any covered benefits and reasonable attorney's fees and court costs," "exemplary damages," and "pre-judgment and post-judgment interest." (*See id.* ¶¶ 23, 30, 35; *see also id.* at 8-9 (identifying categories of damage in the "wherefore" clause).)

9. Continental Western contends that its actions were reasonable, and it did not breach the insurance contract, did not act in bad faith, and did not violate the penalty statutes.

## GROUNDS FOR REMOVAL

### I.   REMOVAL IS TIMELY

10. The face of the Amended Complaint did not provide sufficient information to establish jurisdiction under 28 U.S.C. § 1332. Plaintiff did not identify the members of East Quincy Holding LLC, and did not aver facts relevant to the citizenship or domicile of those unnamed members. (*See id.* ¶ 1.) On April 11, 2018, April 18, 2018, April 23, 2018, and April 26, 2018, Counsel for Defendant Continental Western asked Plaintiff's counsel to provide the name and domicile of each member of the LLC. On May 1, 2018, Plaintiff's counsel provided the name and domicile of each member of East Quincy Holding LLC. (*See* Email Correspondence, May 1, 2018, attached as **Exhibit C**.) That email revealed—for the first time—that there was complete diversity between the parties and thus jurisdiction under § 1332.

11. Therefore, this Notice of Removal is timely filed within 30 days after receipt of an "other paper" from which it was first "ascertained that the case is one which is . . . removable." *See* 28 U.S.C. § 1446(b)(3). No previous application for removal has been made.

## II.   DIVERSITY OF CITIZENSHIP EXISTS

12.   There is complete diversity of citizenship among the opposing parties.

13.   A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions such. *See id.*

14.   The Court must consider the citizenship of all members of a limited liability company in determining whether diversity jurisdiction exists. *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) ("[W]e determine citizenship based on that of the entity's members unless the entity has been formed as a traditional corporation under the relevant state law."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) ("[O]nly those state-created entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction.").

15.   Plaintiff is a limited liability company organized under the laws of the state of Colorado. (*See* Articles of Organization of East Quincy Holding LLC, attached as **Exhibit D**.)

16.   Counsel for Continental Western conferred with Plaintiff's counsel and, on May 1, 2018, Plaintiff's counsel confirmed that all members of the Plaintiff LLC are citzens of Colorado. (*See* **Exhibit C**.)

17.   Defendant Continental Western is an insurance company organized under the laws of the State of Iowa with its principal place of business in the State of Iowa. (Colorado Division of Insurance Producer Search, attached as **Exhibit E**.)

18.     Because the Plaintiff LLC's members and Continental Western are citizens of different states, and Continental Western is not a citizen of the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441; *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

### III.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

19.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

20.     Plaintiff alleges that Continental Western has failed to pay covered policy benefits and unreasonably delayed or denied payment of insurance benefits. (Am. Compl. at ¶¶ 10-11; 14-15; 17; 35.)

21.     According to the Amended Complaint, Plaintiff alleges damages in excess of $1,945,257.41. (*Id.* at ¶ 13.)

22.     Should Plaintiff succeed in its claim under C.R.S. §§ 10-3-1115 and 1116, it seeks "two times the amount of any covered benefits and reasonable attorney's fees and court costs." (*Id.* ¶ 35.) This Court has interpreted C.R.S. § 10-3-1116 to permit insureds to recover the alleged covered insurance benefit plus double that benefit. *See Rabin v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1110 (D. Colo. 2012) (discussing recovery of benefits under C.R.S. § 10-3-1116).

23. Defendant disputes that it owes the allged damages to the extent claimed by Plaintiff or statutory penalities.

24. The Complaint's request for an award of attorney fees under C.R.S. § 10-3-1116 alone, in a case involving three separate claims for relief of this nature, places the amount in controversy over the $75,000 threshold. (*See* Compl. ¶ 52.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is undisputed that substantial attorney fees will be incurred in this matter.

25. Further, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff indicated that it seeks "[a] monetary judgment over $100,000," excluding interest and costs. (*See* Plaintiffs' State Court Civil Cover Sheet submitted herewith.) Plaintiff's representation on its civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

26. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

27. Venue is proper in the District Court of Colorado pursuant to 28 U.S.C. § 1391 because it is in the district and division encompassing Arapahoe County, where the State Court Action is pending.

## PROCESS, PLEADINGS, AND ORDERS SERVED

28. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

29. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed contemporaneously in the State Court Action is attached as **Exhibit F**.

## NO WAIVER

30. No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

For the reasons set forth above, Continental Western Insurance Company removes the State Court Action in the District Court for Arapahoe County, Colorado to the United States District Court for the District of Colorado.

Dated: May 8, 2018                                    Respectfully submitted,

*Below-signed counsel certifies that she is a member in good standing of the bar of this court.*

*s/ Linda J. Knight*
Terence M. Ridley
Linda J. Knight
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:    ridley@wtotrial.com
              knight@wtotrial.com

Attorneys for Defendant,
Continental Western Insurance Company

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on May 8, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email:

Christopher C.R. Sidebottom
The Law Office of Christopher Sidebottom
301 Newark Street
Aurora, CO 80010
Email:  christopher.cr.sidebottom@gmail.com

James M. McClenny
J. Zachary Moseley
McClenny, Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, TX 77060
Email:  James@mma-pllc.com
        Zach@mma-pllc.com

*Attorneys for Plaintiff*

*s/ Linda J. Knight*